RECEIVED
IN LAKE CHARLES, LA.
DEC 04 2015
TONY R. MOORE, CLERK
BY_____
DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:13CR00263-01 |
| VS. | : | JUDGE MINALDI |
| TODD ALLEN BOOTH | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is the defendant's Motion to Vacate, Set Aside, or Correct Sentence (Rec. Doc. 38) pursuant to 28 U.S.C. §2255. The Government filed an Answer (Rec. Doc. 44) and the defendant filed a Reply (Rec. Doc. 45).

PROCEDURAL HISTORY[1]

On March 27, 2014, the defendant, Todd Allen Booth ("Booth"), pleaded guilty to Count 8 of an indictment charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). (Rec. Doc. 22). After briefing and argument, the court found that Booth could be sentenced under the Armed Career Criminal Act ("ACCA"). 18 U.S.C §924(e). Booth was sentenced to 180 months imprisonment. (Rec, Doc. 34).

FACTS

After undercover purchases of guns and drugs from the defendant, a search warrant was executed for his residence in which more guns and drugs were found. PSR ¶¶17-21. The previous convictions for purposes of the application of the ACCA were:

---

[1] The Procedural History and the Facts are as summarized by the Government.

1)  a June 15, 2001 conviction for Burglary of a Habitation in violation of Texas Penal Code §30.02(a)(3) in state court in Orange County, Texas (arising out of a burglary committed on April 11, 1999)(PSR ¶41);

2)  a July 15, 2001 conviction for Burglary of a Habitation in violation of Texas Penal Code §30.02(a)(3) in state court in Orange County, Texas (arising out of a burglary committed on March 30, 1999) (PSR ¶42);

3)  a May 12, 2003 conviction for Simple Burglary in violation of LRS 14:62 in the 14th JDC, Calcasieu Parish, Louisiana (arising out of a burglary committed on January 11, 2002)(PSR ¶43); and

4)  a May 12, 2003 conviction for Simple Burglary in violation of LRS 14:62 in the 14th JDC, Calcasieu Parish, Louisiana (arising out of a burglary committed on June 25, 2001)(PSR ¶44).

At sentencing, this court found that the two Louisiana burglaries were "generic burglaries" under 18 U.S.C. § 924(e)(2)(B)(iii). As such, they were qualifying predicates under the ACCA. Booth was sentenced to 180 months imprisonment.

## ANALYSIS

Booth's argument that he is entitled to relief pursuant to the recent United States Supreme Court decision, *Johnson v. United States*, 135 S.Ct. 2551 (2015) is cognizable in a §2255 motion.

Title 18, United States Code, § 924(e), the Armed Career Criminal Act, provides an enhanced mandatory minimum sentence of 15 years for any person convicted of a violation of § 922(g) who has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . .: 18 U.S.C. § 924(e)(1).

A "violent felony" includes "any crime punishable for a term exceeding one year . . . that . . . is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). (Emphasis added).

2

A prior offense qualifies as a "burglary" only if it fits the "generic, contemporary" definition of that crime. *See Taylor v. United States*, 495 U.S. 575, 598 (1990) (explaining that "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime").

When classifying a prior offense for enhancement purposes, courts employ a categorical approach and look to the statutory definition of the prior offense rather than the defendant's underlying conduct. *See United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S.Ct. 512 (2013). If a statute can be violated in alternative ways, a "modified" categorical approach is used, in which the court examines a limited class of documents to determine which of the alternative elements formed the basis of the prior conviction. *United States v. Espinoza*, 733 F.3d 568, 571 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 1936 (2014). Aside from the statutory elements, the court may consider the charging document, and in cases in which there was a guilty plea, it may also consider a statement of a factual basis for the charge, a transcript of the plea colloquy or written plea agreement, or a record of comparable findings of fact adopted by the defendant upon entering the plea. *United States v. Mohr*, 554 F.3d 604, 607-608 (5th Cir. 2009).

Booth, at sentencing, agreed that his Texas convictions qualify under the ACCA, so only his Louisiana convictions were contested. These include the May 12, 2003 conviction for Simple Burglary, in violation of Louisiana Revised Statute 14:62, arising out of a burglary committed on January 11, 2002 (14th Judicial District Court, Lake Charles, Louisiana, Dkt # 7147-02) (PSR at ¶ 43); and the May 12, 2003 conviction for Simple Burglary, in violation of Louisiana Revised Statute 14:62, arising out of a burglary committed on June 25, 2002 (14th Judicial District Court, Lake

Charles, Louisiana, Dkt # 19570-02 (PSR at ¶ 44).

May 12, 2003 Louisiana Conviction

On May 12, 2003, Booth was convicted, pursuant to a plea of guilty, of "Simple Burglary," which is a violation of Louisiana Revised Statute 14:62.[2] The charging document alleged that Booth "did without authorization enter an inhabited dwelling, used in whole or in part as a home or place of abode by a person, to wit: [a specified street address], Sulphur, Louisiana, with the intent to commit a felony or theft therein." (Rec. Doc. 26, Gov. Exh. D, p. 1). The colloquy during the plea hearing reflects that Booth specifically admitted that the place he burglarized was a "home" located at the address specified in the charging document. (Rec. Doc. 26, Gov. Exh. F, p. 8).

Louisiana Revised Statute 14:62 defines "simple burglary" as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein." This statute is arguably broader than a "generic burglary" as defined by *Taylor,* as it addresses unprivileged entries into vehicles, watercraft, or cemeteries, none of which are "buildings or other structures" as required under *Taylor. Taylor v. United States*, 495 U.S. at 602 (1990).

The U.S. Supreme Court re-affirmed that district courts should apply the "modified" categorical approach to statutes (like Louisiana Revised Statute 14:62) that address both qualifying and non-qualifying burglaries in order "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Descamps v. United States*, 133

---

[2] As reflected by handwritten notations on the charging document and as confirmed by counsel at the plea hearing, that charge was amended from an original charge of "Simple Burglary of an Inhabited Dwelling." However, the charging language itself was not altered. [Gov. Exh. D. p. 1; Gov. Exh. F, p. 3].

4

S. Ct. 2276, 2285 (2013). In so doing, the Court summarized a succession of its prior rulings on the issue, specifically addressing cases in which the district court applied *Shepard's* modified categorical approach to state burglary statutes, like Louisiana Revised Statute 14:62, that proscribe, in a single though divisible statute, both burglaries of structures and non-structures. *See Descamps*, at 2283-2285 (discussing prior Supreme Court rulings applying the modified categorical approach announced in *Shepard* to state statutes that criminalized, in a single statute, the burglary of automobiles and boats as well as buildings).

With specific regard to Louisiana Revised Statute 14:62, the Fifth Circuit held that a prior conviction under that statute is a "violent felony" for purposes of § 924(e) as long as the charging document and the court minutes reflect that the defendant was convicted of burglarizing a building. *United States v. Bailentia*, 717 F.3d 448, 449 (5th Cir.), *cert. denied*, 134 S. Ct. 543 (2013). At sentencing, the Government argued that, as in *Bailentia*, the charging documents and court minutes as to this conviction reflect that Booth pleaded guilty to burglarizing a "home" in Sulphur, Louisiana, not a vehicle, watercraft, or cemetery. [Gov. Exh. D, p. 1; Gov. Exh. F, p. 8]. Thus, Booth was convicted of a "generic" burglary as defined by *Taylor*.

June 24, 2002 Louisiana Conviction

On May 12, 2003, Booth was also convicted, pursuant to a plea of guilty, of "Simple Burglary," in violation of Louisiana Revised Statute 14:62. Though he pleaded guilty to that offense on the same day as the offense described in ¶43 of the PSR, that conviction addressed a separate burglary committed by him on June 24, 2002.

The charging document alleges that on that date, Booth "committed simple burglary of a

5

dwelling, to wit: [a specified street address], Lake Charles, Louisiana." (Rec. Doc. 26, Gov. Exh. E, p. 1). During the same hearing at which he pleaded guilty to the simple burglary described in ¶ 43, he specifically admitted that the place he burglarized was a "dwelling" located at the address specified in the charging document. (Rec. Doc. 26, Gov. Exh. F, p. 8).

Accordingly, this court found that both the Simple Burglary conviction addressed in ¶43 and the Simple Burglary conviction set forth in ¶ 44 of the PSR were "generic burglaries" under § 924(e)(2)(B)(ii) and thus a qualifying predicate under the ACCA. Because these Louisiana convictions were found to be "generic burglaries" pursuant to § 924(e)(2)(B)(ii) then USSG §4B1.4(a) directs that a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal.

Under 18 U.S.C. § 924(e)(1), a defendant is subject to an enhanced sentence if the offense of conviction is a violation of 18 U.S.C. § 922(g) and the defendant has at least three prior convictions for a "violent felony" or "serious drug offense," or both, committed on occasions different from one another.

18 U.S.C. § 924(e)(2) defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

"Serious drug offense" is defined that same section as (1) an offense under the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or (2) an offense

6

under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance, for which a maximum term of imprisonment of ten years or more is prescribed by law.

## JOHNSON v. UNITED STATES

The Supreme Court in *Johnson v. United States* found the "residual clause" of the ACCA to be unconstitutionally vague. *In re Williams*, No. 15 30731, 2015 WL 7074261, at *1 (5th Cir. Nov. 12, 2015). *Johnson* announced a new rule of constitutional law. *In re Williams* at *1. The Fifth Circuit in *In re Williams* held that *Johnson* does not apply retroactively, making it unavailable on collateral review. *In re Williams* at *2.

Assuming *arguendo*, that *Johnson* were available on collateral review, Booth is not entitled to relief because his status as an armed career criminal is not based on the residual clause vitiated by *Johnson*.

Accordingly, his §2255 motion will be denied.

Lake Charles, Louisiana, this 3 day of _Dec_ , 2015.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE